The Honorable Jeremy Hutchinson State Senator 3 Chenal Wood Drive, #331 Little Rock, Arkansas 72223
Dear Senator Hutchinson:
You have requested my opinion on the following questions concerning the open-meetings requirement of the Arkansas Freedom of Information Act (FOIA):[1]
 1. Is it a violation of the FOIA laws if the mayor is meeting with one or more aldermen to "strategize" on upcoming legislation?
 2. Since two or more AP [Advertising Promotion] Commissioners were asked to be there by the mayor and to assist in the strategy to extend the AP tax, is this a violation of the FOIA laws?
 3. If the answer to either questions (1) or (2) is yes, does that make their plan void or "poisoned fruit"? If so, should the AP Commission and/or the city council reject such based on their violation of the law?
 4. If the mayor and/or alderman or commissioner knowingly violated the FOIA law, could this violation result in removal from office by the court or the city council? *Page 2 
RESPONSE
I am unable to render an opinion in response to your first three questions because of current litigation, the outcome of which could directly impact the issues you have raised.
The judgment in Harris v. City of Fort Smith, Case No., CV-2009-935 (IV) (Circuit Court of Sebastian, Arkansas, Fort Smith Civil Division Oct. 4. 2011) was recently appealed to the Arkansas Supreme Court. This case involves the FOIA open meeting provision, and your questions relate directly to the legal issues before the court. I consequently must respectfully decline to opine on the matter. I have a statutory duty to render my opinion to legislators, prosecuting attorneys, and other state officials on certain matters of state law.[2] But my office follows a long-standing policy against issuing opinions on questions that are the subject of current or impending litigation.[3] This is in recognition of the judiciary's independent constitutional role. It has long been the policy of the Attorney General, as an office in the executive branch of government, to refrain from rendering opinions on matters that are pending or likely to be pending before the courts for determination.[4] Any opinion from my office on the underlying legal issues in this instance would amount to executive comment on matters that are properly before a judicial body.
I can, however, address your fourth question: whether the fact that a public official "knowingly violated" the FOIA could result in his or her removal from office by either the court or the city council.
Regardless of the degree of culpability, there is no language in the FOIA providing for an official's removal from office based on a FOIA violation. That is, regardless of whether the official negligently or "knowingly" violated the act, removal from office is not an immediate consequence of a FOIA violation.[5] *Page 3 
A "knowing violation" of the FOIA could conceivably be the underlying grounds for a claim that an elective city official was guilty of the criminal offense of "nonfeasance in office."[6] A finding of "nonfeasance" would result in removal from office.[7]
But the legal reason for the ineligibility would be the judicial finding of "nonfeasance in office," a finding based on the fact that the official "knowingly violated" the FOIA. And it would be the court — not the council — that removed the official, if such a removal was warranted. *Page 4 
Deputy Attorney General Elisabeth A. Walker prepared the foregoing opinion, which I hereby approve.
Sincerely,
DUSTIN McDANIEL Attorney General
[1] A.C.A. § 25-19-101-110 (Repl. 2000 and Supp. 2011). The open meeting provision is codified at A.C.A. § 25-19-106 (Supp. 2011).
[2] A.C.A. § 25-16-706 (Repl. 2002).
[3] See, e.g., Op. Att'y Gen. 2003-294 (and opinions cited therein).
[4] See Op. Att'y Gen. 2008-034.
[5] The FOIA imposes a criminal penalty for the negligent violation of the act: "Any person who negligently violates any of the provisions of this chapter shall be guilty of a Class C misdemeanor." A.C.A. § 25-19-104 (Supp. 2011). For purposes of the § 25-19-104 penalty, the legal definition of "negligently" is found at A.C.A. § 5-2-202(4) (Repl. 2006), which provides as follows:
 (4) "NEGLIGENTLY."
 (A) A person acts negligently with respect to attendant circumstances or a result of his or her conduct when the person should be aware of a substantial and unjustifiable risk that the attendant circumstances exist or the result will occur.
 (B) The risk must be of such a nature and degree that the actor's failure to perceive the risk involves a gross deviation from the standard of care that a reasonable person would observe in the actor's situation considering the nature and purpose of the actor's conduct and the circumstances known to the actor.
Section 5-4-401(b)(3) of the Code provides that the sentence for commission of a Class C misdemeanor shall not exceed 30 days. The decision whether to bring such charges rests with the prosecuting attorney, who is invested with broad discretion in this regard. See generally Webb v. Harrison,261 Ark. 279, 547 S.W.2d 748 (1977).
[6] "Nonfeasance" is the willful and knowing failure, refusal, or neglect to execute, or cause to be executed, any of the laws or ordinances within the jurisdiction of the officer in question:
 If the mayor or police judge, member of the city council, or any other elective officer of any city of the first class or second class or incorporated town in this state shall wilfully [sic] and knowingly fail, refuse, or neglect to execute, or cause to be executed, any of the laws or ordinances within their jurisdiction, they shall be deemed guilty of nonfeasance in office.
A.C.A. § 14-42-109(a)(1)(A) (Repl. 1998).
"Nonfeasance" is a criminal offense. Id. The procedure for obtaining a judgment of nonfeasance is therefore a criminal procedure. See Op. Att'y Gen. Nos. 2006-018 and 2002-310 (and opinions cited therein). Upon indictment, the circuit court will hear the charges and, if it determines that the challenged conduct constitutes nonfeasance, remove the offender from office. A.C.A. § 14-42-109(a)(1)(B).
[7] Id. *Page 1